## Slifer *v.* Slifer.

*Appeals—Judgments—Opening judgment—Refusal to open—Discretion of court—Abuse of.*

1. An application to open a judgment is directed to the discretion of the court.

2. On an appeal from an order refusing to open a judgment, the appellate court will decide only whether there has been an abuse of discretion; and if there has been none, the order will be affirmed.

Argued April 21, 1926.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ.

Appeal, No. 180, Jan. T., 1926, by Mabel Slifer, petitioner, from order of C. P. No. 3, Phila. Co., March T., 1925, No. 3575, discharging rule to open judgment, in case of Sara Slifer v. C. Franklin Slifer.   Affirmed.

Rule to open judgment.   Before McMICHAEL, P. J.

The opinion of the Supreme Court states the facts.

Rule discharged. Mabel Slifer, petitioner for rule and defendant's wife, appealed.

*Error assigned* was, inter alia, order, quoting record.

*G. F. Douglas,* of *Douglas & Schultz,* for appellant.

*C. F. Slifer, P.P.,* for appellee, filed no printed brief.

PER CURIAM, May 10, 1926:

Appellant, Mabel Slifer, complains of the refusal of the court below, first, to allow her to intervene as a party defendant, and, next, to open a judgment entered by confession against her husband, C. Franklin Slifer.

Mabel Slifer, petitioner, averred that plaintiff, Sara Slifer, is the mother of defendant, that the judgment note in controversy was given by defendant to plaintiff without a valuable consideration and for the purpose of defrauding the petitioner of her dower interest (now widow's interest under the Act of 1917) in defendant's real estate.

Plaintiff and defendant filed separate answers in which they admitted the relationship between the various parties, but denied the note lacked a valuable consideration; they averred that the obligation in suit was given for an indebtedness of $4,036.23, representing moneys advanced by plaintiff to defendant in various sums over a period of several years; the answers also denied any collusion between plaintiff and defendant for the purpose of defrauding petitioner.

The case was heard by the court below, on petition, answers and depositions; it turned on questions of fact, which were decided against the petitioner. After reading the pleadings and testimony, we find no reason for departing from the rule which controls the review of cases of this character. Applications such as those in the present instance are directed to the discretion of the

court; on appeal, we decide only whether there has been abuse of discretion on part of the court below, and of that we are not convinced in this case.

The appeal is dismissed.